## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TRACY GEORGE, | : |
| Plaintiff, | : |
| v. | : Civil Action No. 1:21-cv-02876-RJL |
| | : Judge Richard J. Leon |
| ALLEN MARTIN VENTURES, LLC, *et al.* | : |
| Defendants. | : |

## MOTION OF DEFENDANTS DANIEL J. KOTZ AND FIRST CLASS TITLE TO EXTEND DEFENDANTS' DEADLINE TO FILE RULE 26(A)(2) DISCLOSURES

Defendants, Daniel J. Kotz ("Kotz") and First Class Title, Inc. ("FCT") (collectively "Defendants"), by counsel and pursuant to LCvR 7 and Fed. R. Civ. P. 6(b)(1)(A), move to extend the Defendants' September 30, 2022 deadline to file their Rule 26(a)(2) Disclosures ("Motion to Extend"), and in support, state as follows:

1. The Court issued the current scheduling order in this case on April 25, 2022 (Docket No. 21) (the "Scheduling Order"). Pursuant to the Scheduling Order, the deadline for Plaintiff's Rule 26(a)(2) disclosures was September 1, 2022 and the deadline for Defendants' Rule 26(a)(2) is September 30, 2022.

2. As set forth below, Defendants Kotz and FCT lack sufficient information to identify an expert and complete their Rule 26(a)(2) disclosure because of the ongoing dispute over Plaintiff's failure to fully and adequately respond to FCT's discovery requests and the improper and incomplete nature of Plaintiff's expert's report.

3. On June 8, 2022, FCT issued its First Request for Production of Documents, First Set of Interrogatories and First Requests for Admissions (the "First Discovery Requests") to Plaintiff.

4. As of the date of this Motion, Plaintiff has still failed to fully and adequately respond to the First Discovery Requests. Plaintiff's responses to FCT's First Discovery Requests were originally due on July 8, 2022. After confusion regarding Plaintiff's counsel's receipt of the First Discovery Requests, FCT, in a show of good faith, granted Plaintiff an extension through August 12, 2022 to provide responses.

5. On August 15, 2022, having still received no responses to the First Discovery Requests, FCT filed a Motion to Compel Plaintiff's responses to the First Discovery Requests (Docket No. 23).

6. FCT's First Set of Interrogatories, among other things, requested information regarding any expert witness engaged by Plaintiff. Plaintiff did not provide any responses to FCT's First Set of Interrogatories until August 29, 2022, at which time Plaintiff provided unsigned and incomplete answers to the Interrogatories. To date, Plaintiff has never provided complete and signed answers to FCT's First Set of Interrogatories.

7. On August 22, 2022, Plaintiff's counsel notified all counsel by email that Plaintiff "anticipated" designating Mr. Shaun Marble as an expert witness. This was the first time Plaintiff indicated that she intended to use an expert witness. A copy of the August 22, 2022 email is attached as Exhibit 1.

8. Plaintiff's counsel qualified this potential designation by stating that Mr. Mable "has not fully reviewed all documents yet and he is waiting for the Plaintiff to collect some additional documents in discovery from Defendants FCT and Kotz before drafting his report on

the fiduciary duty of an escrow agent in the District of Columbia with respect to a real estate closing." *See* Exhibit 1. As of August 22, 2022, Plaintiff had not issued any discovery requests to FCT or Kotz.

9. Plaintiff opposed FCT's Motion to Compel on August 29, 2022 representing that, as of that date, she had provided complete responses to FCT's First Discovery Responses.

10. FCT filed its Reply in support of its Motion to Compel on August 30, 2022 noting that Plaintiff's discovery responses to the First Discovery Requests (portions of which were only served on the same day as her Opposition) remained deficient. Specifically, Plaintiff's responses to FCT's First Request for Admissions are non-responsive, Plaintiff's answers to FCT's Interrogatories are incomplete and unsigned and Plaintiff never provided written responses to FCT's First Request for Production of Documents.

11. Defendant FCT's Motion to Compel remains pending and was assigned to the Magistrate Judge for resolution on September 2, 2022.

12. Pursuant to the Scheduling Order, Plaintiff's Rule 26(a)(2) disclosure was due on September 1, 2022.

13. On September 1, 2022, Plaintiff's Counsel provided a "report" completed by her previously referenced expert, Shaun Marble. The report did not meet the requirements of a Rule 26(a)(2) disclosure. A copy of the report is attached hereto as Exhibit 2.

14. Plaintiff then served Defendants Kotz and FCT with her First Requests for Production of Documents and Interrogatories on September 2, 2022.

15. On September 14, 2022, counsel for FCT sent Plaintiff's counsel an email regarding the deficiency of Plaintiff's Rule 26(a)(2) disclosure and requesting that Plaintiff supplement by September 19, 2022. A copy of this communication is attached as Exhibit 3.

16. Plaintiff provided supplemental documents regarding her Plaintiff's Rule 26(a)(2) disclosure on September 19, 2022. However, as Plaintiff's Counsel previously stated that Mr. Marble's analysis would be incomplete until he was able to review "additional documents in discovery from Defendants First Class Title and Mr. Kotz[,]" it is unclear whether the report provided on September 19, 2022 contains Mr. Marble's complete opinions.

17. The opinions set forth in the only version of Mr. Marble's "report" that has been produced to date are conclusions of law to be determined by the Court and are not appropriate subjects for expert opinion. Unless Mr. Marble's report is supplemented, it is unclear what expert opinions Plaintiff is intending to offer. As such, Defendants Kotz and FCT lack sufficient information to designate a defense expert.

18. Based on the foregoing, Defendants Kotz and FCT now request an extension of their Rule 26(a)(2) disclosure deadline. Such extension is justified based on the fact that (a) Defendant FCT's Motion to Compel remains pending, (b) Plaintiff has still not fully responded to FCT's First Discovery Requests and (c) Defendants Kotz and FCT's discovery responses upon which Mr. Marble intends to rely and supplement his report, are not due until after the Defendants' current Rule 26(a)(2) disclosure deadline.

19. Defendants Kotz and FCT have identified a potential expert to address Plaintiff's claims and the incomplete opinions of her expert. However, Defendants Kotz and FCT are not able to finalize this expert engagement or provide a comprehensive and appropriate disclosure regarding their expert at this time based upon the outstanding discovery issues and Plaintiff's expert's incomplete report identified above.

4

20. Therefore, Defendant Kotz and FCT, request the Defendants' Rule 26(a)(2) disclosure deadline be extended until thirty (30) days after the production of Plaintiff's complete and fully responsive discovery responses.

FOR THESE REASONS, Defendant Daniel J. Kotz, with the consent of Defendant First Class Title, Inc., expressly requests that his Motion to Extend be granted along with other relief as this Court deems proper.

>
> DANIEL J. KOTZ AND FIRST
> CLASS TITLE
> By Counsel
>
> */s/ Dennis J. Quinn*
> Dennis J. Quinn, Bar No. 455793
> Carr Maloney P.C.
> 2000 Pennsylvania Avenue, NW, Suite 8001
> Washington, D.C. 20006
> (202) 310-5500 (Telephone)
> (202) 310-5555 (Facsimile)
> Dennis.Quinn@carrmaloney.com
>
> /s/ Jessica B. Summers
> Roy I. Niedermayer, Bar No. 180380
> Jessica B. Summers, Bar. No 1023002
> 4800 Hampden Lane, Sixth Floor
> Bethesda, Maryland 20814
> Phone (301) 951-4456
> Facsimile (301) 654-7354
> rniedermayer@paleyrothman.com
> jsummers@paleyrothman.com

## LCVR 7(M) CERTIFICATION

I HEREBY CERTIFY that on this 29th day of September 2022 Counsel for Defendant Danial Kotz requested consent to the requested relief from all counsel of record as well as Robin Martin, who is appearing pro se. On September 29, 2022, Ms. Martin represented that she consented to the requested relief and Plaintiff's Counsel represented that Plaintiff opposes.

>
> */s/ Dennis J. Quinn*
> Dennis J. Quinn

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 30th day of September 2022 a true and accurate copy of the foregoing ***Motion of Defendants Daniel J. Kotz and First Class Title to Extend Defendants' Deadline to File Rule 26(A)(2) Disclosures*** was electronically filed via the United States District Court for the District of Colombia's electronic filing system and was mailed, first class mail, postage prepaid to:

>Jon Brunenkant
>Brunenkant & Associates, PLLC
>1717 Pennsylvania Avenue, NW
>Suite 1025
>Washington, DC 20006
>*Counsel for Plaintiff*

>Allen Martin Ventures, Inc.
>9401 Battle Street
>Suite 204
>Manassas, VA 20110
>*Defendant*

>Robin E. Martin
>24734 Stone Station Ten-ace
>Aldie, VA 20105
>*Defendant*

>Aaron Allen
>10724 Pickett Court
>Williamsport, MD 21795-1441
>*Defendant*

>Roy Niedermayer
>Jessica B. Summers
>4800 Hampden Lane, 6th Floor
>Bethesda, Maryland 20814
>*Counsel for Defendant First Class Title, Inc.*

>>*/s/ Dennis J. Quinn*
>>Dennis J. Quinn