UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TRACY GEORGE, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>ALLEN MARTIN VENTURES, LLC, et *al.* )<br>)<br>Defendants. ) | Case No. 1:21-cv-02876-RJL |

**DEFENDANT FIRST CLASS TITLE, INC.'S
MOTION TO EXTEND TIME FOR
<u>FIRST CLASS TITLE, INC. TO COMPLETE DISCOVERY</u>**

Defendant, First Class Title, Inc. ("FCT"), by and through counsel and pursuant to Fed. R. Civ. P. 16 and Local Rule 16.1, hereby moves for the entry of an order extending the time for FCT to complete discovery in the above referenced case. A memorandum of law in support of FCT's motion is being filed herewith. In support of its Motion, FCT further states as follows:

1. On June 8, 2022, FCT, through counsel, served FCT's First Request for Production to Plaintiff, First Interrogatories to Plaintiff and First Requests for Admission to Plaintiff (the "First Discovery Requests") by first class mail, postage prepaid, with an electronic courtesy copy emailed to Plaintiff's counsel.

2. On August 15, 2022, having provided multiple extensions and having still received no responses to the First Discovery Requests, FCT filed a Motion to Compel Plaintiff's responses to the First Discovery Requests (Docket No. 23) (the "Motion to Compel").

3. On August 16, 2022, Plaintiff, through counsel, provided FCT with what Plaintiff purports to be her responses to FCT's First Requests for Admissions. As further described in FCT's Motion to Compel, these responses are woefully deficient and do not remotely comply with Fed. R. Civ. P. 36(a)(4).



1

4. On August 29, 2022, Plaintiff, through counsel, provided unsigned answers to FCT's First Interrogatories. Again, as further described in FCT's Motion to Compel, these too were deficient and do not comply with Fed. R. Civ. P. 33.

5. Plaintiff has never provided any written responses to FCT's First Request for Production.

6. On August 29, 2022, Plaintiff filed an Opposition to FCT's Motion to Compel (Docket No. 24) asserting that Plaintiff had fully responded to the First Discovery Requests.

7. On August 30, 2022, FCT replied in support of its Motion to Compel (Docket No. 25) identifying the deficiencies in Plaintiff's responses and reiterating its prayers for relief.

8. FCT's Motion to Compel was assigned to the Magistrate Judge for resolution on September 2, 2022.

9. FCT's Motion to Compel remains pending and unresolved.

10. Pursuant to the Scheduling Order issued by the Court in this case on April 25, 2022 (Docket No. 21), the current discovery deadline in this case is October 31, 2022.

11. FCT issued its First Discovery Responses nearly five months before the discovery deadline to ensure that it would have adequate time to complete its discovery within the time allotted.

12. However, because Plaintiff's discovery responses remain deficient and FCT's Motion to Compel has still not resolved, FCT has not been unable to fully and adequately complete its discovery in this case.

13. Requiring FCT to compete discovery by October 31, 2022, would be highly prejudicial to FCT and would unjustly reward Plaintiff for her failure to comply with the discovery rules. Moreover, simply extending the discovery deadline for all parties would also improperly reward Plaintiff for her non-compliance by allowing her to benefit from the

additional time as well.

14. Simply put, had Plaintiff complied with the discovery rules and timely provided full and complete responses to the First Discovery Requests, FCT would have had no issue completing discovery in the time provided. However, because Plaintiff did not do so, and because FCT's Motion to Compel has not yet been resolved, in addition to the relief requested in the Motion to Compel, FCT respectfully requests that the Court grant FCT additional time after Plaintiff provides full and complete responses to the First Discovery Requests to conduct such additional discovery as may be necessary in light of the responses.

WHEREFORE, First Class Title respectfully requests that the Court:

A. Grant this Motion; and

B. Enter an order, extending the deadline for FCT to complete discovery until sixty (60) days after the production of Plaintiff's complete and fully responsive responses to all of FCT's First Requests for Production of Documents to Plaintiff, First Interrogatories to Plaintiff and First Requests for Admissions to Plaintiff; and

C. Enter an order against Plaintiff and in favor of FCT awarding FCT its reasonable attorneys' fees and costs incurred in filing this Motion to Extend*;* and

D. Grant such further relief as the Court may deem appropriate.

    Respectfully submitted by,

    PALEY, ROTHMAN, GOLDSTEIN,
    ROSENBERG, EIG & COOPER, CHTD.

    */s/ Jessica B. Summers*
    Roy I. Niedermayer, Esq. Bar No. 180380
    Jessica B. Summers, Esq. Bar. No 1023002
    4800 Hampden Lane, Sixth Floor
    Bethesda, Maryland  20814
    Phone (301) 951-4456
    Facsimile (301) 654-7354
    rniedermayer@paleyrothman.com

jsummers@paleyrothman.com

*Counsel for Defendant First Class Title, Inc.*

**LCVR 7(M) CERTIFICATION**

I HEREBY CERTIFY that on the 26th day of October 2022 Counsel for Defendant First Class Title requested consent to the requested relief from Plaintiff.  Plaintiff, through counsel, advised that Plaintiff does not consent to the relief requested.

/s/ Jessica B. Summers
Jessica B. Summers, Esq.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 27th day of October 2022, the foregoing Motion to Extend Time for First Class Title, Inc. to Complete Discovery and memorandum in support thereof were electronically filed using the CM/ECF system, and were subsequently served by CM/ECF upon counsel of record for Plaintiff Tracy George and Defendant Daniel Kotz and was served by first class mail, postage prepaid, on:

Allen Martin Ventures, Inc.
24734 Stone Station Terrace
Aldie, VA 20105
(Principal office address, mailing to registered office address returned undeliverable)
*Defendant*

Robin E. Martin
24734 Stone Station Ten-ace
Aldie, VA 20105
*Defendant*

Aaron Allen
10724 Pickett Court
Williamsport, MD 21795-1441
*Defendant*

  /s/ Jessica B. Summers
Jessica B. Summers, Esq.