UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TRACY GEORGE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Case No. 21-2876 (RJL) |
| ) | |
| ALLEN MARTIN VENTURES, LLC, ) | |
| et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION
(September 16, 2024) [Dkt. #43]

Plaintiff, Tracy George ("George"), loaned Allen Martin Ventures $265,000 to purchase and renovate a residential property. After negotiating the terms, George and Robin Martin ("Martin"), the managing member of Allen Martin Ventures, signed a "promissory note" on March 12, 2020, under which Martin would personally guarantee the loan. Neither Allen Martin Ventures, nor Robin Martin, ever repaid the loan. George has filed an unopposed motion for summary judgment on two breach of contract counts. For the reasons stated herein, the Court will **GRANT** in part and **DENY** in part George's motion.

### BACKGROUND

Robin Martin and Aaron Allen ("Allen") are the two members of Allen Martin Ventures. Compl. [Dkt. #1] ¶ 2; Answer to Compl. by Robin E. Martin ("Martin Answer") [Dkt. #12] ¶ 2; Affidavit of Tracy George ("George Aff.") [Dkt #43-2] at 15.[1] Martin is the managing member of Allen Martin Ventures. Compl. ¶ 3; Martin Answer ¶ 3. In February

---

[1] Because the documents submitted with the affidavits are not separated out into separate exhibits, the Court will cite to the ECF page number generated at the top of the filing.

2020, Martin approached plaintiff George and asked for a $265,000 loan to purchase and renovate a residential property at 3903 Burns Court SE, Washington, DC, 20019. Compl. ¶¶ 9, 11; Martin Answer ¶¶ 9, 11. The loan would cover the purchase of the property, payoff of two existing deeds of trust, taxes, settlement costs, and renovation costs. Compl. ¶¶ 11, 13; Martin Answer ¶¶ 11, 13; George Aff. at 5. Martin personally guaranteed the loan by executing a "promissory note" on March 12, 2020 (hereinafter referred to as the "promissory note with a personal guarantee"). George Aff. at 6–9; Compl. ¶ 21; Martin Answer ¶ 21.

The promissory note with a personal guarantee specified that interest on the loan would accrue at a rate of 16.5% per annum starting on March 13, 2020, and that the loan plus accrued interest would be due on December 31, 2020. George Aff. at 7 ¶¶ 1, 2. It then specified that the total amount due on December 31, 2020 would be $308,725.[2] *Id.* at 7 ¶ 2. If not paid, Martin would personally make payments of $4,416.67 per month until March 31, 2021, when the "payoff amount" of $318,000 would be due.[3] *Id.* The promissory note with a personal guarantee then stated that the loan would accrue interest at a rate of 20% per annum after default and that Martin would be liable for attorney's fees in connection with enforcing collection. *Id.* at 7 ¶ 3. Finally, the promissory note with a personal guarantee listed the property at 3903 Burns Court as security. *Id.* at 7 ¶ 4.

---

[2] This clause is inconsistent with interest charges of 16.5% per annum from March 13, 2020 through December 31, 2020. Interest charges under a 16.5% per annum interest rate for 294 days would total $35,219.59, for a total of $300,219.59 when added to the principal amount of $265,000. However, the $308,725 calculation seems to include an entire year of interest charges at 16.5%—$43,725—on top of the principal amount of $265,000.

[3] It is not clear how the $318,000 amount was calculated. The $4,416.67 monthly payment reflects an interest-only payment at a rate of 20% per annum. So if we assume the loan accrued 20% interest after December 31, 2020, interest charges on March 31, 2021 (90 of 365 days) would total $13,068.49. If we add that amount to the $308,725 specified in the note, we get $321,793.49. If we add that amount to the calculated amount of $300,219.59, we get $313,288.08. The $318,000 amount reflects neither calculation.

2

Both parties, George and Martin, signed the promissory note with a personal guarantee on March 12, 2020. *Id.* at 8. That same day, George wired the $265,000 to Allen Martin Ventures via an escrow account managed by First Class Title, Inc. Compl. ¶ 13; Martin Answer ¶ 13; Answer to Compl. by First Class Title, Inc. ("First Class Title Answer") [Dkt. #14] ¶ 13; George Aff. at 18.

Several days thereafter, on March 17, 2020, Allen Martin Ventures executed an additional "promissory note" (hereinafter referred to as the "commercial promissory note") drafted by Daniel Kotz. George Aff. at 2 ¶ 8; *id.* at 10–17; Compl. ¶ 14; Answer to Compl. by Daniel J. Kotz ("Kotz Answer") [Dkt.#15] ¶ 14(a). The commercial promissory note was signed by both Robin Martin and Aaron Allen on behalf of Allen Martin Ventures. *Id.* at 17. It was notarized by Daniel Kotz. *Id.* George not only did not sign this promissory note, she did not even know of its existence at that time. Compl. ¶¶ 14, 15, 17.

Neither Allen Martin Ventures, nor Martin herself, repaid the loan plus interest by the March 31, 2021 deadline. Compl. ¶¶ 18, 22; Martin Answer ¶¶ 18, 22. Indeed, to date, neither party has repaid any portion of the loan or interest. Pl.'s Unopposed Mot. for Summ. J. ("Mot.") [Dkt. #43] ¶¶ 12, 13.

On November 1, 2021, George sued Allen Martin Ventures, LLC; Robin E. Martin; Aaron Allen; First Class Title, Inc.; and Daniel J. Kotz for breach of contract, fraud, conspiracy to commit fraud, breach of fiduciary obligations, and negligence. *See generally* Compl. Martin filed an answer to the complaint on December 1, 2021. Martin Answer. Kotz and First Class Title filed answers on January 12, 2022. First Class Title Answer; Kotz Answer. Neither Allen Martin Ventures, LLC nor Aaron Allen filed answers to the complaint.

3

Following over a year of discovery, plaintiff stipulated to dismissal with prejudice of all claims against Kotz and First Class Title. Joint Stipulation of Dismissal [Dkt. #41]. That left only the claims for breach of contract, fraud, and conspiracy to commit fraud against Allen Martin Ventures, Allen, and Martin. *See* Joint Status Report [Dkt. #42] at 1; Compl.

On December 2, 2023, plaintiff submitted an unopposed motion for summary judgment. *See* Mot. Plaintiff requests that the Court grant summary judgment against Allen Martin Ventures for the breach of the commercial promissory note and against Martin for the breach of the promissory note with a personal guarantee. *Id.* at 1–2. She also moves to dismiss all claims against Allen and requests attorney's fees. *Id.*

## DISCUSSION[4]

### I.  Legal Standard

A court may grant summary judgment in favor of a movant who "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the burden of proving the absence of a genuine dispute of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Material facts are those that "might affect the outcome of the suit," and genuine disputes about those facts exist "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A movant

---

[4] This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a) because the amount in controversy exceeds $75,000 and George is a citizen of the District of Columbia, Allen Martin Ventures and Martin are citizens of Virginia, and Allen, First Class Title, and Kotz are citizens of Maryland. *See* Compl. ¶¶ 1–6; Martin Answer ¶¶ 2–3; Kotz Answer ¶¶ 5–6; First Class Title Answer ¶¶ 5–6; Fed. R. Civ. P. 8(b)(6); 12(a)(1)(A).

must cite to materials in the record to prove that a particular fact is undisputed. Fed. R. Civ. P. 56(c)(1)(A).

Where a party fails to properly address another party's assertion of fact, the court may consider the fact undisputed. Fed. R. Civ. P. 56(e)(2). However, even where a motion for summary judgment is unopposed, as here, the court must still "fully consider[] the merits of the motion" and may not simply treat the entire motion as conceded. *Winston & Strawn, LLP v. McLean*, 843 F.3d 503, 507–08 (D.C. Cir. 2016). Indeed, "a district court must always determine for itself whether the record and any undisputed material facts justify granting summary judgment." *Grimes v. District of Columbia*, 794 F.3d 83, 95 (D.C. Cir. 2015).

## II.   Analysis

George seeks to enforce the terms of the promissory note with a personal guarantee issued March 12, 2020. She also seeks to enforce the commercial promissory note signed by Martin and Allen on March 17, 2020. First, she claims that Allen Martin Ventures breached the terms of the commercial promissory note by failing to repay the $265,000 loan plus interest. *See* Compl. ¶¶ 16–19; Memorandum in Support of Pl.'s Unopposed Mot. for Summary Judgment ("Mem.") [Dkt. #43-1] at 7–8. Second, she claims that Martin's failure to repay the loan constituted a breach of her personal guarantee. *See* Compl. ¶¶ 20–23; Mem. at 7–8.

Both the commercial promissory note and the promissory note with a personal guarantee specify that they shall be interpreted under and governed by District of Columbia law. George Aff. at 8 ¶ 8; *id.* at 14 ¶ 19. To prove breach of contract under District of Columbia law, a party must prove: "(1) a valid contract between the parties; (2) an obligation

or duty arising out of the contract; (3) a breach of that duty; and (4) damages caused by breach." *Tsintolas Realty Co. v. Mendez*, 984 A.2d 181, 187 (D.C. 2009). For a valid, enforceable contract to exist, "there must be both (1) agreement as to all the material terms, and (2) intention of the parties to be bound." *SJ Enters., LLC v. Quander*, 207 A.3d 1179, 1183 (D.C. 2019) (quoting *Kramer Assocs., Inc. v. Ikam, Ltd.*, 888 A.2d 247, 251 (D.C. 2005)).

George, however, has failed to show that the commercial promissory note is a valid contract between the parties. In her complaint, George admits that she was *not* even aware of the commercial promissory note's existence until after Allen Martin Ventures failed to repay the loan. Compl. ¶¶ 14, 15. Thus, she can demonstrate neither agreement as to all of the material terms in that document nor an intention to be bound.[5] The Court will therefore deny her motion for summary judgment on Count I.

However, George has satisfied these requirements for the March 12, 2020 promissory note with a personal guarantee by Martin. She produced a copy of the promissory note with a personal guarantee, signed by both parties, as well as emails discussing the details within.[6] George Aff. at 4–9. She has proven that pursuant to the promissory note with a personal

---

[5] That is not to say that the commercial promissory note is *not* a valid and enforceable contract. For example, it might be enforceable as a contract under seal. *See* Williston on Contracts §§ 2.1, 2.14, 8.2 (4th ed. 2024). It might be an enforceable instrument under Title 3 of the Uniform Commercial Code, which has been adopted by the District of Columbia. *See generally* D.C. Code Tile 28, Subtitle I, Article 3. Alternatively, the parties might have negotiated a valid contract in late February 2020, which might be enforceable separate and apart from the promissory note. *See* George Aff. at 1 ¶ 3. George might be able to make a promissory estoppel argument. *See Simard v. Resol. Trust Corp.*, 639 A.2d 540, 552 (D.C. 1994). The point is that the commercial promissory note might well be enforceable. But plaintiff has not made any of these arguments, and it is not this Court's responsibility to make them for her. This Court simply holds that, at this stage, she has not carried her burden to prove a valid and enforceable contract. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Grimes v. District of Columbia*, 794 F.3d 83, 95 (D.C. Cir. 2015).

[6] Furthermore, the parties agree that they entered into a valid contract with respect to the promissory note with a personal guarantee. *See* Compl. ¶ 21; Martin Answer ¶ 21.

6

guarantee, Martin had an obligation to repay the loan plus interest. *Id.* at 7 ¶¶ 1–3. Martin has *admitted* that neither she nor Allen Martin Ventures repaid the loan plus interest, which constitutes a breach of the contract. Martin Answer ¶¶ 17–18, 21–22; *see* Compl. ¶¶ 17–18, 21–22. Finally, George has proven damages by showing that she did in fact loan Allen Martin Ventures the money, but was never repaid. George Aff. at 18; Compl. ¶ 13; Martin Answer ¶ 13; Mem. ¶¶ 12, 13. Thus, George has shown that she is entitled to summary judgment on Count II.

Regarding the amount of damages, the Court has reviewed the calculations provided and largely agrees, with some exceptions. *See* Affidavit of Jon L. Brunenkant [Dkt. #43-3] ("Brunenkant Aff."). Under the promissory note with a personal guarantee, Martin is required to pay:

1) $318,000 as of March 31, 2021, which includes the principal and interest;[7]

2) Interest of 20% per annum from April 1, 2021 to December 31, 2021, which amounts to $39,931.51;

3) Interest of 20% per annum, which amounts to $53,000, for the years 2022 and 2023, totaling $106,000; and

4) And interest of 20% per annum from January 1, 2024 to September 13, 2024 (the date of this judgment), totaling $37,650.27;

---

[7] As noted above, *see supra* p. 2 nn.2, 3, the promissory note with a personal guarantee is inconsistent about what amount is owed and when. Because it does specify that $318,000 would be due on March 31, 2021, and that is the figure used in the Brunenkant Affidavit's calculations, the Court will use this amount as the total amount due on March 31, 2021. *See* George Aff. at 7 ¶ 2; Brunenkant Aff. at 4.

7

which amounts to a total, as of today's date, of $501,581.60. As requested, the Court will enter judgment for plaintiff in this amount, less the $175,000 received from the settling defendants in this case and less any amount received from the judgment in the related case against First American Title Insurance Company. Mem. at 8; Brunenkant Aff. at 3; *George v. First Am. Title Ins. Co.*, Case No. 23-cv-3504-JMC.

Next, George moves to dismiss all counts of the complaint against Aaron Allen. Mot. at 2; Mem. at 8. The Court has determined that this is proper and will grant George's request. *See* Fed. R. Civ. P. 41(a)(2).

George also requests attorney's fees and costs. Mem. at 8. Any motion for attorney's fees must be made by separate motion after the Court enters judgment. *See* Fed. R. Civ. P. 54(d)(2).

Finally, George states in her motion that this motion "will conclude all remaining issues and allow this case to be closed." Mem. at 2. However, the Court has denied summary judgment on Count I, and George has not moved for summary judgment on Counts III, IV, V, or VI, nor has she requested dismissal of those counts. The Court will order the parties to submit a joint status report with their views on how the case should proceed. If George wishes to dismiss any counts, she may file a stipulation of dismissal.

## CONCLUSION

Accordingly, for the reasons stated above, and upon consideration of the parties' submissions and the entire record herein, plaintiff's motion for summary judgment is

GRANTED IN PART and DENIED IN PART. An order consistent with this decision accompanies this Memorandum Opinion.

                                                      _____
                                                      RICHARD J. LEON
                                                      United States District Judge